UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

MALIKA LEE,

                                  Plaintiff,

                -against-

THE CITY OF NEW YORK, DETECTIVE LUCIOUS JOHNSON, SHIELD # 4049, JOHN DOES 1-10,

                                  Defendants.

**COMPLAINT**

Jury Trial Demanded

-------------------------------------------------------------------- x

        Plaintiff MALIKA LEE, by her attorney RICHARD CARDINALE, alleges as follows:

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff alleges that the City of New York and several New York City Police Officers of the Brooklyn South Narcotics Division violated her rights under 42 U.S.C. § 1983 and the Fourth and Sixth Amendments to the United States Constitution by falsely arresting her, using unreasonable force on her and denying her a fair trial. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Sixth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because the City of New York is located in this District and because the incident in question occurred in this District.

## JURY TRIAL

4. Pursuant to Fed. R. Civ. P. 38, plaintiff demands a jury trial.

## PARTIES

5. Plaintiff is a resident of the State of New York, County of Bronx.

6. The City of New York is a municipal corporation organized under the laws of the State of New York.

7. The individual defendants are members of the New York City Police Department ("NYPD"). The defendants were acting under color of state law and within the scope of their employment as members of the NYPD at all relevant times herein.

## STATEMENT OF FACTS

8. On March 16, 2013, at approximately 6:00 a.m., plaintiff, a resident of the Bronx, was sleeping in her boyfriend's room in her boyfriend's parents' home located at 1716 Caton Avenue in Brooklyn when defendants entered the home to execute a search warrant.

9. Plaintiff was not the target of the search warrant.

10. Defendants arrested the occupants of the residence for possession of marijuana.

11. Defendants arrested plaintiff although no marijuana or other contraband was found on her person, in the room where she was sleeping, or in her vicinity, and despite the fact that plaintiff told the defendants that she did not reside at the location.

12. One of the defendants handcuffed plaintiff excessively tight causing plaintiff pain and bruising to her wrists.

13. Plaintiff asked the defendants to loosen the cuffs but they refused.

14. Plaintiff had to sit in the residence tightly handcuffed for several hours as defendants searched the location.

15. Hours after arresting plaintiff, the defendants brought plaintiff to what she believes was the 70th Precinct for arrest processing.

16. In the precinct, defendant Lucious Johnson, with the approval of the other defendants, completed arrest paperwork charging plaintiff with possession of marijuana.

17. After Johnson completed the arrest paperwork, plaintiff was taken to Brooklyn Central Booking to await arraignment.

18. Plaintiff was held in cells in Brooklyn Central Booking which were filthy and infested with roaches and rodents.

19. The officers employed in Brooklyn Central Booking denied plaintiff's requests for water and sanitary napkins.

20. While plaintiff was held in Brooklyn Central Booking, defendant Lucious Johnson, with the approval of the other defendants, misrepresented to the Kings County District Attorney's Office that plaintiff was found in possession of marijuana and encouraged prosecutors to file criminal charges against plaintiff.

21. Defendant Johnson also misrepresented to prosecutors that plaintiff told him the following: "We live together in this room, We're having a baby together."

22. On March 16, 2013, defendant Johnson, with the approval of the other defendants, signed a criminal court complaint falsely charging plaintiff with possession of marijuana.

23. On March 17, 2013, at approximately 4:30 p.m., plaintiff was arraigned in criminal court and released on her own recognizance.

24. After her arraignment, plaintiff appeared in criminal court approximately nine times.

25. While the criminal charges were pending, plaintiff, who is employed as a housekeeper for a hotel, applied for a package handler position with the United Parcel Service. The United Parcel Service informed plaintiff that they could not hire her because of her open criminal case.

26. On June 10, 2014, more than one year after plaintiff's arrest, the criminal charges that defendants filed against plaintiff were adjourned in contemplation of dismissal.

27. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was incarcerated for over 24 hours and suffered a loss of liberty, "garden variety" emotional distress, fear, anxiety, sadness, embarrassment, humiliation, tremendous inconvenience from having to make court appearances for over a year, damage to her reputation and pain and bruising to her wrists.

## FIRST CLAIM

### (FALSE ARREST UNDER THE FOURTH AMENDMENT)

(Against the Individual Defendants)

28. Plaintiff repeats the foregoing allegations.

29. At all relevant times, plaintiff did not commit a crime or violation.

30. Despite plaintiff's innocence, the defendants arrested plaintiff.

31. Plaintiff was conscious of her confinement, did not consent to her confinement and his confinement was not privileged.

32. Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for false arrest.

## SECOND CLAIM

### (UNREASONABLE FORCE UNDER THE FOURTH AMENDMENT)

(Against the Individual Defendants)

33. Plaintiff repeats the foregoing allegations.

34. Defendants' use of force upon plaintiff was objectively unreasonable and caused plaintiff pain and bruising to her wrists.

35. Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for using unreasonable force on her.

## THIRD CLAIM

### (DENIAL OF A FAIR TRIAL UNDER THE SIXTH AMENDMENT)

(Against the Individual Defendants)

36. Plaintiff repeats the foregoing allegations.

37. Defendants maliciously misrepresented to prosecutors that plaintiff was found in possession of marijuana and that plaintiff had made an inculpatory statement to the police.

38. Defendants' misrepresentations deprived plaintiff of liberty.

39. Accordingly, the defendants are liable to plaintiff under the Sixth Amendment for denying her a fair trial.

## FOURTH CLAIM

### (FAILURE TO INTERVENE UNDER THE FOURTH & SIXTH AMENDMENTS)

(Against the Individual Defendants)

40. Plaintiff repeats the foregoing allegations.

41. Defendants had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights under the Fourth and Sixth Amendments, but they failed to fulfill their constitutional obligation to intervene.

42. Accordingly, the defendants are liable to plaintiff under the Fourth and Sixth Amendments for failing to intervene to prevent the violation of plaintiff's constitutional rights.

## FIFTH CLAIM

### (*MONELL* CLAIM)

(Against the City of New York)

43. Plaintiff repeats the foregoing allegations.

44. The City of New York is a "person" within the meaning of 42 U.S.C. § 1983.

45. The City of New York, through a policy, practice or custom, directly caused the constitutional violations suffered by plaintiff.

46. Upon information and belief, the City of New York, at all relevant times, was aware that the defendants and other members of the NYPD are unfit officers who have previously committed acts similar to those alleged herein, have a propensity for unconstitutional conduct and/or have been inadequately trained.

47. At least one federal court has recognized that there is widespread falsification by members of the NYPD. In *Colon v. City of New York,* Nos. 09 CV 8, 09 CV 9 (JBW), 2009 WL 4263362 (E.D.N.Y. November 25, 2009), the court stated that an "[in]formal inquiry by the court and among the judges of this court, as well as knowledge of cases in other

federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department."

48. Despite the above, the City exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline and monitor the defendants and other officers like them.

49. The City's failure to act resulted in the violation of plaintiff's constitutional rights as described herein.

WHEREFORE, plaintiff requests the following relief jointly and severally against the defendants:

a. Compensatory damages in an amount to be determined by a jury;

b. Punitive damages in an amount to be determined by a jury;

c. Attorney's fees and costs;

d. Such other and further relief as the Court may deem just and proper.

DATED: June 13, 2014

_____
RICHARD CARDINALE
Attorney at Law
26 Court Street, Suite # 1815
Brooklyn, New York 11242
(718) 624-9391